UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL TURNER and JOANNA TURNER,<br>Plaintiffs,<br><br>v.<br><br>REGIONS BANK, a domestic corporation, MADISON COUNTY COMMUNITY BANK, a foreign corporation, EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation, EQUIFAX INFORMATION SERVICES, LLC, a foreign limited liability company, TRANS UNION, LLC, a foreign limited liability company, THE INSTITUTE FOR ADVANCED CARDIOVASCULAR CARE, LLC, a domestic limited liability company,<br>Defendants. | Civil Action No.: 3:10-CV-1065-MHT<br>**Plaintiffs Demands Jury Trial** |

## COMPLAINT

**COMES NOW** the Plaintiffs, by and through undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This Complaint seeks actual, compensatory, statutory and/or punitive damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq* (hereinafter referred to as "the FCRA") and violations of the bankruptcy discharge injunction.

### JURISDICTION AND VENUE

1

2. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§2201 and 2202. Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in Lee County, Alabama, and were committed within the Northern Division of the Middle District of Alabama.

## PARTIES

3. Plaintiffs Michael Turner and Joanna Turner (hereinafter referred to as "Plaintiffs") are natural people and residents and citizens of Lee County, the State of Alabama, and of the United States. Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975, § 8-19-3(2).

4. Defendant Regions Bank (hereinafter referred to as "Regions" or "Defendant) is a domestic corporation that regularly furnishes information on consumers to consumer reporting agencies.

5. Defendant Madison County Community Bank (hereinafter referred to as "MCCB" or "Defendant" is a foreign corporation that regularly furnishes information on consumers to consumer reporting agencies.

6. Defendant The Institute for Advance Cardiovascular, LLC(hereinafter referred to as "IAC" or "Defendant) is a domestic limited liability company that regularly furnishes information on consumers to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f)

2

of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8. Defendant Experian Information Solutions, Inc., (hereinafter referred to as "Experian" or "Defendant") is a foreign corporation licensed to do business within the State of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

9. Defendant Trans Union, LLC (hereinafter referred to as "Trans Union" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama. Trans Union is a consumer reporting agency, as defined in section 1681a(f) of the FRCA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTS

**Defendants Regions, MCCB, and IAC:**

10. Plaintiffs reincorporate by reference herein paragraphs one (1) through nine (9).

11. In 2008, Plaintiffs filed for Chapter 7 debt relief under Title 11 of the United States Bankruptcy Code and was discharged on September 30, 2008.[1]

12. Defendants Regions, MCCB, IAC were involved in the Plaintiffs' Chapter 7 Bankruptcy. Specifically,

---

[1] United States Bankruptcy Court for the Middle District of Alabama, Case No.: 08-80713.

3

   a. MCCB was listed on the Schedule D for creditors holding secured claims in the amount of $20,234.00. This debt was discharged through the Bankruptcy. MCCB received notice of the discharge through the BNC.

   b. Regions was listed on the Schedule F for creditors holding unsecured claims in the amount of $14,715.32. This debt was discharged through the Bankruptcy. Regions received notice of the discharge through the BNC.

   c. IAC was listed on the Schedule F for creditors holding unsecured claims in the amount of $1,405.00. This debt was discharged through the Bankruptcy. IAC received notice of the discharge through the BNC.

13. Notwithstanding the aforesaid, Defendant Regions continues to report Plaintiffs' account to all three national consumer reporting agencies (hereinafter referred to as "CRAs") as having balances due and payable, rather than reflecting that such were discharged in bankruptcy. Specifically:

   a. Regions reported, and continues to report to Equifax that Plaintiffs have an outstanding balance with, and remain personally liable to, Regions for the amount of $14,715.00. Specifically, this account balance was actively reported on October 27, 2009, in excess of one year after the date of discharge.

   b. Regions reported, and continues to report, to Experian that Plaintiffs, have an outstanding balance with, and remain personally liable to, Regions for the amount of $14,715.00. Specifically, this account balance is still showing as of October 27, 2009, in excess of one year after the date of discharge.

   c. Regions reported and continues to report, to Trans Union that Plaintiffs, have an outstanding balance with, and remain personally liable to, Regions for the amount

4

of $14,715.00. Specifically, this account balance is still showing as of October 27, 2009, in excess of one year after the date of discharge.

14. Notwithstanding the aforesaid, Defendant MCCB continues to report Plaintiffs' account to one of the three national CRA's as having current balances due and payable, rather than reflecting that such were discharged in bankruptcy. Specifically:

   a. MCCB reported, and continues to report, to Equifax that Plaintiffs have an outstanding balance with, and remain personally liable to, MCCB for the amount of $15,013.00. This account balance was still showing as of October 27, 2009, in excess of one year past the date of discharge.

   b. MCCB properly reported the discharged debt to Experian and Trans Union.

15. Notwithstanding the aforesaid, Defendant IAC continues to attempt to collect a debt that was discharged through the Chapter 7 bankruptcy. IAC has as of August 17, 2010, attempted to collect the balance of $1843.00 by mailing a billing to Plaintiffs.[2]

16. Defendants Regions, MCCB and IAC obtained knowledge of Plaintiffs' discharge on at least two separate occasions, i.e. receipt of the BNC Certificate of Service – Meeting of Creditors and the BNC Certificate of Service – Order of Discharge.

17. Notwithstanding that Defendants properly update numerous accounts each month they have intentionally, maliciously and willfully refused to do so with Plaintiffs, and other similarly situated consumers. More specifically, Defendants have a policy to refuse to properly update credit files of consumers who have obtained debt relief through the U.S. Bankruptcy Code.

18. Defendants have promised, through their subscriber agreements or contracts with the CRAs to update accounts that have been discharged in bankruptcy but have willfully,

---

[2] Exhibit "A" Institute for Advance Cardiovascular Billing for Michael Turner.

maliciously, recklessly, wantonly and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

19. Defendants have a policy to "park" their accounts on at least one of Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

20. Defendants know that reporting these balances will lead to the publication of false and defamatory information every time Plaintiffs' credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

21. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

22. Defendants' actions – engaging in a pattern and practice of wrongful and unlawful behavior, i.e. attempting to collect upon discharged debts – were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiffs, with knowledge that their actions would very likely harm Plaintiffs, and that their actions were taken in violation of the law.

23. The actions, omissions, misrepresentations, and violations of the FCRS, FDCPA, federal law, and state law of Defendants, regarding Plaintiffs' discharged debts, as described herein, has resulted in the negligent and intentional infliction of mental and emotional

6

distress upon Plaintiffs proximately causing Plaintiffs to suffer mental distress, mental and physical pain, embarrassment, and humiliation of which Plaintiffs will in the future continue to suffer.

24. The Plaintiffs has suffered damages including, but not limited to, the loss of credit, the loss of the ability to purchase and benefit from credit, mental suffering, and emotional pain as a result of Defendants' publication of this adverse credit information.

**Defendants Equifax, Experian and Trans Union:**

25. Defendants have failed to implement and/or follow "reasonable procedures to assure maximum possible accuracy" of the information they publish and continue to publish, in consumer credit reports in violation of 15 U.S.C. §1681(e)(b).

26. Indisputably, based upon sheer volume of factually identical actions, Defendants should reasonably be aware of the inadequacy of their procedures and implement policies to improve the accuracy of the information they publish. The FTC's Official Staff Commentary § 603 item B states that "[a] consumer reporting agency must also adopt reasonable procedures to eliminate systematic errors that it knows about, or should reasonably be aware of, result from procedures followed by its sources of information."

27. Defendants' intentional, reckless, and willful violations of the FCRA, federal law and state law has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs proximately causing Plaintiffs to suffer severe emotional distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer.

**COUNT ONE**
**DEFENDANTS EXPERIAN, EQUIFAX, AND TRANS UNION**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT – 15 U.S.C. § 1681, *et seq.***

28. Plaintiffs incorporate by reference herein paragraphs one (1) through twenty-seven (27).

29. In the entire course of their actions, Defendants willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

   a. By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiffs, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. § 1681(e)(b);

   b. By willfully and/or negligently failing to comport with reinvestigation procedures listed within 15 U.S.C. § 1681i;

   c. By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. § 1681s-2, *i.e.* reporting information with actual knowledge of errors, reporting information after notice and confirmation of errors, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, failing to provide notice of dispute, and failing to provide notice of closed account;

   d. Invading the privacy of Plaintiffs; and

   e. Failing in their duty to prevent foreseeable injury to Plaintiffs.

30. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharge in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt." Notwithstanding that the Federal Trade Commission's Staff Commentary lacks substantive precedential esteem it is persuasive in that it provides an explanation of the phrase "reasonable procedures.

31. As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy Court of the Middle District of Alabama, "[t]he sheer number of . . . cases [filed for a creditor's failure and/or refusal to update a discharged debtor's credit reports] may suggest that some creditors are systematically taking such action in an effort to diminish the value of a discharge in bankruptcy."[3]

32. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiffs.

33. Plaintiffs has suffered injury to her credit report, has been turned down for credit and/or has had to accept less favorably financing terms and rates than she would have if Defendants had not inaccurately reported Plaintiff's credit history.

## COUNT TWO
## DEFENDANTS REGIONS, MCCB, AND IAC WILLFUL VIOLATION OF THE DISCHARGE INJUNCTION ATTEMPTING TO COLLECT A DISCHARGED DEBT

34. Plaintiffs incorporate herein by reference paragraphs one (1) through thirty-three (33).

35. Defendants have willfully violated the Chapter 7 discharge injunction by attempting to collect a debt that arose prior to and was discharged in Plaintiffs' bankruptcy case. More specifically, Defendant assigned, cosigned, or otherwise transferred for the purpose of collection a discharged account subsequent to receiving notice of its discharge.

36. Because Defendant obtained knowledge of Plaintiffs' bankruptcy discharge on at least two occasions, i.e., receipt of the BNC Certificate of Service– Meeting of the Creditors and the BNC Certificate of Service– Order of Discharge, Defendant has willfully violated

---

[3] In re Norma, 2006 WL 2818814 (Bankr. M.D. Ala. September 29, 2006).

9

the Chapter 7 bankruptcy injunction. Despite such knowledge, Defendant continues its collection efforts upon the discharged debt.

37. As a result thereof, Plaintiffs have suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

38. Accordingly, Defendants should be held in contempt and are liable to Plaintiffs for actual, compensatory and punitive damages, and costs and attorney's fees.

**COUNT THREE
DEFENDANTS REGIONS AND MCCB WILLFUL
VIOLATION OF THE DISCHARGE INJUNCTION
CONTINUING TO REPORT DISCHARGED DEBTS ON PLAINTIFFS' CREDIT
REPORTS**

39. Plaintiffs incorporate paragraphs one (1) through thirty-eight (38) as if fully state herein.

40. Defendant willfully violated the Chapter 7 discharge injunction by reporting to one or more credit reporting agencies, subsequent to its knowledge of the discharge, that the discharged debt had a balance due and owing to Defendant.

41. It is standard protocol in the credit reporting industry that accounts discharged in bankruptcy should be reported as such with a zero balance. The Federal Trade Commission's commentary on the Fair Credit Reporting Act directs that debts discharged in bankruptcy be reported with a zero balance to reflect that the consumer is no longer personally liable for the discharged debt.

42. Because Defendant obtained knowledge of Plaintiffs' bankruptcy discharge on at least two occasions, i.e., the BNC – Meeting of the Creditors and the BNC – Discharge, Defendant has willfully violated the Chapter 7 bankruptcy injunction. Despite such knowledge, Defendant continues its collection efforts upon the discharged debt.

43. Defendants' acts of refusing to update Plaintiffs' credit reports to show a zero balance after the Bankruptcy discharge violate the discharge injunction.

44. Defendants' actions of refusing to update Plaintiffs' credit reports were designed to coerce payment of the discharged debt.

45. Plaintiffs have suffered injury to their credit report, have been turned down for credit and/or have had to accept less favorably financing terms and rates than they would have if Defendants had not inaccurately reported Plaintiffs' credit history.

46. As a result thereof, Plaintiffs have suffered damages including, but not limited to, stress, emotional distress, anxiety, nervousness and mental anguish.

47. Accordingly, Defendants should be held in contempt and are liable to Plaintiffs for actual, compensatory and punitive damages, and costs and attorney's fees.

**WHEREFORE,** Plaintiffs demand judgment against Defendants in an amount to be determined by the jury impaneled to hear this case as compensatory and punitive damages, plus interests and costs as well as any other remedy allowed by law. Plaintiffs also request this Court, on the jury returning a verdict for the Plaintiffs, to assess an attorney fee to be awarded to Plaintiffs' attorney.

## PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED,** Plaintiffs respectfully pray that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiffs actual damages;

b) Award Plaintiffs punitive damages;

c) Award Plaintiffs statutory damages where applicable;

d) Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment;

e) Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this the _15_ day of December 2010.

_____
David W. Vickers (VIC004)
*Attorney for Plaintiffs*
**VICKERS & WHITE, PLLC**
428 South Lawrence Street
Montgomery, AL 36111
Telephone: (334) 269-1192
Facsimile: (334) 239-7408
bgriffin@vickersandwhitelaw.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document has been served via either United States Postal Mail, properly addressed and postage prepaid, or this Court's CM-ECF electronic filing system, to the following, on this _15_ day of December 2010.

**REGIONS BANK**
c/o Lawyers Incorporating SVC INC.
150 S Perry St.
Montgomery, AL 36104

**MADISON COUNTY COMMUNITY BANK**
c/o Meggs, Dowal E Pres.
301 E. Base St.
Madison, FL 32349

**THE INSTITUTE FOR ADVANCED CARDIOVASCULAR CARE, LLC**
c/o Davis, W Ross
2375 Champions Blvd.
Auburn, AL 36830

**EQUIFAX INFORMATION SERVICES, LLC**
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104

**EXPERIAN INFORMATION SOLUTIONS, INC.**
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

**TRANS UNION, LLC**
c/o Prentice-Hall Corporation System, Inc.
150 South Perry Street
Montgomery, AL 36104

_____
OF COUNSEL